78 F.3d 587
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James A. WHITTEN, Jr., Petitioner-Appellant,
v.
Jeffrey J. CLARK, Warden, Respondent-Appellee.
 No. 95-3500.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.*
Decided Feb. 29, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 James A. Whitten, Jr., a federal prisoner, appeals the denial of his petition for a writ of habeas corpus (28 U.S.C. § 2241). In his petition and on appeal, Whitten claims that his rights to due process and confrontation were violated during his prison disciplinary proceedings, in which Whitten was found guilty on a charge of possession of narcotics. We affirm.
 
 
 2
 The narcotics charge arose from the discovery on October 22, 1994 by correctional officer Robertson of a white and yellow powdery substance in a cell shared by Whitten and another prisoner, Jeff Brooks. The substance was located behind a money receipt paid to "Whitten", attached to a corkboard on a desk in the cell. Whitten was issued an incident report the same day as the incident, stating what Officer Robertson had found, and that an "NIK" test (a type of drug test) performed by Lieutenant Bond showed that the substance tested positive for "heroin/morphine".
 
 
 3
 At a preliminary hearing on November 29, 1994, after Whitten denied guilt and asserted that Brooks had stated that the drug was his (Brooks'), a disciplinary committee referred the charge to a prison discipline hearing officer (DHO) for further hearing. On the same day, Whitten was given a written notice stating that the DHO's hearing would be held on December 6, 1994, as well as another written notice advising him of his rights in the disciplinary process. At the hearing on December 6, Whitten denied that he possessed or knew about the drugs in question, and further asserted that "[m]y name is not involved in narcotics on this compound." Whitten's sole requested witness, Brooks, testified that he had pinned the drug behind the receipt to hide it when someone started to walk into the cell, and had then forgotten about it. Brooks further stated that he had been Whitten's cellmate for only a day and a half, and that Whitten knew nothing about the drug.
 
 
 4
 In written findings, the DHO concluded that Whitten was guilty of possession of narcotics. The DHO cited the evidence that a substance testing positive for narcotics was found behind a receipt paid to Whitten in his cell. The DHO decided that Brooks' testimony was not credible, since Brooks was involved in the incident and since the DHO believed that Brooks was testifying in an attempt to absolve Whitten of the charge. Finally, the DHO noted that Whitten's defense that he was not involved with narcotics was insufficient in light of Whitten's disciplinary record, which showed narcotics use within the previous five months, as well as three other disciplinary findings of narcotics possession in the past fourteen months. The DHO imposed on Whitten a forfeiture of 550 days of earned good-time credits, among other sanctions. An administrative appeals officer (the Acting Administrator of National Inmate Appeals) denied Whitten's administrative appeal, and Whitten then filed this § 2241 action in federal district court.
 
 
 5
 Whitten's first argument is that his due process rights were violated because the DHO's decision was not supported by "some evidence". Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 455 (1985). Whitten emphasizes the evidence that he shared the cell with Brooks, and that Brooks both confessed to possession of the substance and exculpated Whitten. While this evidence could lead to a finding that Whitten was innocent of the charge, there was also at least "some evidence" that Whitten was guilty of the charge. The "some evidence" standard requires only that a court determine "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56 (citations omitted). It is not a federal court's role in this context to engage in "examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455. We will overturn the DHO's decision "only if no reasonable adjudicator could have found [Whitten] guilty of the offense on the basis of the evidence presented." Henderson v. United States Parole Comm'n, 13 F.3d 1073, 1075 (7th Cir.) (citations omitted), cert. denied, 115 S.Ct. 314 (1994). The DHO relied on evidence that a substance which tested positive for narcotics was found in Whitten's cell pinned behind a receipt paid to "Whitten", as well as on reasonable determinations of the credibility of Brooks and Whitten. This evidence was sufficient to satisfy due process under the "some evidence" standard.
 
 
 6
 Whitten's second and final argument is that his rights to confrontation and due process were denied when an administrative appeals officer refused to allow him to have the substance he was charged with possessing sent for retesting to a laboratory of his choice at his expense. Whitten relies on United States v. Martin, 984 F.2d 308 (9th Cir.1993), for the portion of his argument that the refusal to allow resting denied him the right of confrontation. Indeed, Martin does hold that under the circumstances of that case, denial of independent retesting of an alleged drug sample was a violation of the accused's right to confront the witnesses against him. Id. at 312-14. However, Martin reaches this holding in the context of a probation revocation hearing, governed by the requirements of Morrissey v. Brewer, 408 U.S. 471 (1972) (applied to probation revocation in Gagnon v. Scarpelli, 411 U.S. 778 (1973)). Martin, 984 F.2d at 310. The right to confront and cross-examine witnesses mandated in Morrissey does not apply to prison disciplinary hearings. Wolff v. McDonnell, 418 U.S. 539, 560-63, 567-69 (1974); see also Baxter v. Palmigiano, 425 U.S. 308, 321-22 (1976). Thus, Whitten's reliance on Martin is to no avail.
 
 
 7
 The second portion of Whitten's argument is based on Pella v. Adams, 702 F.Supp. 244 (D.Nev.1988), decision following hearing, 723 F.Supp. 1394 (D.Nev.1989), which held that a prisoner had a right to an independent drug test performed at his own expense, unless prison officials presented a legitimate penological reason to deny the prisoner's request. Pella, 702 F.Supp. at 248-49; see also Koenig v. Vannelli, 971 F.2d 422 (9th Cir.1992) (per curiam) (following the holding of Pella ). Pella derived its conclusion from Wolff 's guarantee of a prisoner's right in disciplinary proceedings to "present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566. The right to present evidence necessarily implies at least some right to collect evidence, and the Pella court apparently assumed that a drug test result fell within the category of "documentary" evidence that a prisoner must be allowed to collect (at least when he pays the expenses) if there is no legitimate penological reason to the contrary. See Pella, 702 F.Supp. at 248.
 
 
 8
 However, even if Pella 's assumption is correct, it does not help Whitten. Whitten requested the second drug test only after the disciplinary hearing and the issuance of the DHO's decision against him--specifically, when he appealed his case to the administrative appeals officer. In other words, Whitten's complaint about the process he received relates not to the disciplinary proceedings, but to the appeal after those proceedings. We see nothing in Wolff or its progeny that requires that a prisoner even be allowed to appeal to an administrative appeals officer, or that such an officer (or any court to which the prisoner appeals) must accept a prisoner's first-time request to procure additional evidence. Whitten was given much more than the twenty-four hours advance written notice of the charge required by Wolff (418 U.S. at 564); Whitten received the incident report more than five weeks prior to the preliminary hearing, and he had notice of the main hearing on the charge a week in advance. The incident report informed Whitten well in advance of the hearing that Lieutenant Bond had tested the substance for narcotics; Whitten does not allege that evidence concerning the testing (or any other evidence) was withheld from him.[1] Chavis v. Rowe, 643 F.2d 1281, 1285-86 (7th Cir.), cert denied sub nom. Boles v. Chavis, 434 U.S. 907 (1981). Whitten does not claim that he was denied the opportunity to be heard before an impartial decisionmaker. Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir.1992). In sum, we must conclude that Whitten had ample opportunity to request an additional testing of the substance, and that in these circumstances due process does not require that a subsequent administrative or adjudicative body grant Whitten a second opportunity.
 
 
 9
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Whitten does allege that there are conflicting reports as to what type of test kit was used to test the substance he was charged with possessing. Whitten here clearly misreads the record. Both the incident report and the findings of the DHO in Whitten's hearing state that an NIK test was used to test the powdery substance involved in Whitten's case. The findings in Brooks' hearing indicate that a different test (Marquis-Reagent) was used for the powdery substance that Brooks was charged with possessing, found in a different part of the cell (in a vitamin bottle) on a different day