86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Lee SISK; James Piatt, Plaintiffs-Appellants,
v.
CSO BRANCH; R. Austin; Lt. Hilton, Defendants-Appellees.
 No. 95-16737.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Lee Sisk, an Arizona state prisoner, appeals pro se the district court's judgment partially in favor of defendant prison officials in his 42 U.S.C. § 1983 action.[1] Sisk contends that the district court erred by finding in favor of the prison officials on several of his due process claims concerning his prison disciplinary proceeding. Sisk also contends that the district court erred by awarding him only nominal damages on one of his due process claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Because a stipulated trial was held based upon all the evidence in the record, we review the district court's conclusions of law de novo and factual findings for clear error. See Rutherford v. Pitchess, 710 F.2d 572, 575 (9th Cir.1983), rev'd on other grounds, 468 U.S. 576 (1984).
 
 
 4
 A. Due Process Claims Regarding Disciplinary Proceeding[2]
 
 
 5
 Sisk was disciplined for disobeying a direct order and possessing marijuana following his refusal to submit to a urinalysis and a positive Becton-Dickinson Duquenois-Levine reagent test ("Duquenois-Levine test") for marijuana. Sisk contends that his due process rights were violated because (1) he could not have been disciplined for violating a direct order; (2) prison officials improperly denied him a continuance to obtain documentary evidence; (3) prison officials refused to call a witness he had requested at the disciplinary hearing; and (4) a positive Duquenois-Levine test for marijuana did not constitute "some evidence" to support disciplinary decisions. These contentions lack merit.
 
 
 6
 In prison disciplinary proceedings, a prisoner is entitled to a period of time, no less than twenty-four hours, before the proceeding to prepare his defense and rights to call witnesses and present documentary evidence. Wolff v. McDonald, 418 U.S. 539, 564-70 (1974). However, prison officials have "the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority." Wolff, 418 U.S. at 566. Should prison officials refuse to call a witness, they should explain their reasons in disciplinary proceedings or later in court proceedings. Ponte v. Real, 471 U.S. 491, 497 (1985); Bostic v. Carlson, 884 F.2d 1267, 1274 (9th Cir.1989) (stating burden is on prison officials to provide justifications for refusal). Further, a disciplinary decision will be upheld if there is "some evidence" to support it. Superintendent, Mass Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985); see also Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987) (evidence that forms basis of prison disciplinary action must have "some indicia of reliability").
 
 1. Violation of Direct Order
 
 7
 Sisk alleged that one of the prison officials asked him, "I suppose it would not do any good to ask you to a U/A?" Sisk refused to take the test on the Fifth Amendment basis. Sisk contends that the question was not in the form of a "direct order" to submit to a urinalysis test, and thus he could not have been guilty of disobeying a direct order. One prison official testified at the disciplinary hearing that the question was a "direct order." Given Sisk's refusal and the prison official's testimony, we conclude that there was "some evidence" supporting the disciplinary decision. See Hill, 472 U.S. at 455.
 
 2. Denial of Continuance
 
 8
 Sisk contends that the refusal to continue the disciplinary hearing deprived him of the opportunity to fully prepare his defense because certain documentary evidence had not been made available to him.[3] However, the mere denial of a continuance did not amount to a due process violation because Sisk had more than twenty-four hours before the hearing to prepare his appearance. See Wolff, 418 U.S. at 564. Moreover, the denial of Sisk's access to the documentary evidence was proper because the evidence was considered "contraband" at the time of the hearing. See Ponte, 471 U.S. at 497 (stating that reasons for refusal that are related to preventing undue hazards to institutional safety or correctional goals met due process requirements).
 
 3. Right to Call Witness
 
 9
 The prison officials refused to call a representative of the manufacturer of the Duquenois-Levine test as a witness, who had agreed to testify by telephone concerning the reliability of the test. Prison officials explained that the testimony would be immaterial because "the reliability of the Duquenois-Levine test [was] a judicially recognized fact." In light of the prison officials' discretion to keep the hearing within reasonable limits and their explanation for the refusal, we conclude that the denial of Sisk's right to call the witness did not violate due process. See Ponte, 471 U.S. at 497; Wolff, 418 U.S. at 566 (stating that lack of necessity could serve as justification for refusing to call witness).
 
 4. Reliability of Duquenois-Levine Test
 
 10
 Sisk contends that an unconfirmed positive Duquenois-Levine test of marijuana did not constitute "some evidence" to support the disciplinary decision because a single test merely produced an inconclusive identification of marijuana. However, due process is met if "any evidence in the record ... could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56. We agree with the district court that the Duquenois-Levine test, together with a prison official's identification of "a green leafy substance residue which appeared ... to be marijuana," constituted "some evidence" to support the disciplinary decision. See Hill, 472 U.S. at 455; Cato, 824 F.2d at 705; see also Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir.1992) (recognizing a different test used to defect marijuana, the ADx test, if properly performed, was generally accurate and could support finding of rule violations); Higgs v. Bland, 888 F.2d 443, 449 (6th Cir.1989) (holding a positive EMIT test satisfies due process requirement under Hill ).
 
 B. Nominal Damages
 
 11
 Sisk contends that the district court erred by awarding him only nominal damages of one dollar after finding that his procedural due process rights were violated when the prison officials did not allow him to present a law review article evaluating drug testing procedures at the disciplinary hearing. We disagree. Sisk admitted that he suffered no "hard, tangible losses" from the denial of due process, but sought compensatory damages based upon emotional distress. However, Sisk failed to prove that his alleged emotional distress was caused by any violation. See Carey v. Piphus, 435 U.S. 247, 263 (1978) (holding that no award for compensatory compensation was justified without proof that such injury actually was caused by denial of procedural due process itself); Merrit v. Mackey, 932 F.2d 1317, 1323 (9th Cir.1991) (upholding district court's limitation of damages to injury arising from denial of procedural due process only and preclusion of damages for loss not caused by defendant). Further, Sisk could not recover punitive damages against the prison officials who denied him the right to present the law review article. The official's refusal was not reckless because, as he explained at the hearing, he based his refusal upon a "legal opinion." See Smith v. Wade, 461 U.S. 30, 52, 56 (1983) (holding punitive damages only appropriate if defendant acted with reckless indifference to federally protected rights of plaintiff and defendant deserved to be punished).
 
 
 12
 According, the district court's judgment is AFFIRMED.[4]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sisk and James Piatt were original plaintiffs. We had dismissed Piatt as a party for failure to sign the notice of appeal
 
 
 [2]
 We assume without deciding that Sisk had a cognizable liberty interest in the disciplinary proceeding. See Sandin v. Conner, 115 S.Ct. 2293 (1995)
 
 
 [3]
 Prior to the disciplinary hearing, the manufacturer of the Duquenois-Levine test sent some literature to Piatt. The literature was labeled "contraband" upon arrival at the prison. At the time of the disciplinary hearing, Piatt had appealed the designation to the Warden, who eventually permitted Piatt to receive the material. However, the literature was not received until after the hearing
 
 
 [4]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal