145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald Glenn GRAY, Plaintiff-Appellant,
v.
Samuel SUBLETT; Tome House, Deputy Warden; Ticky, Assistant
Warden; Capt. Rains; Sgt. Soop; Sgt. Hayden; Sgt. Cestello;
Sgt. Carter; CSO Howard; CRPO Spahr; Maria Ortega aka CSO
Arteac; CSO Oliver; John Gay, Lt.; Merry Lutz; Robert
Hafler, Defendants-Appellees.
 No. 96-16601.
D.C. No. CV-94-00752-WDB.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998.**
Decided May 18, 1998.
 
 Appeal from the United States District Court for the District of Arizona, William D. Browning, District Judge, Presiding.
 Before SCHROEDER, TROTT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arizona state prisoner Gerald Glenn Gray appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging violation of his right to due process in connection with a positive ADx urinalysis and subsequent disciplinary proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. See Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam). We affirm.
 
 
 3
 Gray contends that prison officials violated his right to due process by not accounting for the possible presence of substances in his system which could have resulted in a false positive ADx urinalysis. This contention lacks merit.
 
 
 4
 Gray's test results satisfy due process because they have some indicia of reliability as his urine sample twice tested positive for marijuana and the test is designed to take into account the presence and cross-reactivity of other substances. See Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987) ("[T]here must be some indicia of reliability of the information that forms the basis for prison disciplinary action."); see also Koenig v. Vanelli, 971 F.2d 422, 422 n. 1 (9th Cir.1992) (per curiam) (noting that ADx tests for cannabinoids, when properly performed, are generally accurate). Furthermore, because the substance screening form constituted "some evidence" of Gray's illegal drug use, the disciplinary committee's decision did not violate due process. See Superintendent, Massachusetts Correctional Inst. v. Hill, 472 U.S. 445, 455-56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).
 
 
 5
 Gray also contends that he was denied the right to call witnesses and present evidence at the disciplinary hearing. Gray was not denied due process because although he had the opportunity to present witnesses, he did not avail himself of that opportunity. See Wolff v. McDonnell, 418 U.S. 539, 566-67, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Koenig, 971 F.2d at 423.
 
 
 6
 Gray's contention that the delay in resolving his appeal violated prison rules and regulations fails to state a section 1983 claim because here the minimal protections established in Wolff were provided. See Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.1993). Similarly, Gray's contention that his sixteen-day restriction to non-contact visitation violates his constitutional rights lacks merit. See Barnett 31 F.3d at 817 (stating that prisoners do not have a constitutional right to contact visitation).[1]
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not address Gray's contention that his brief release into general population violated due process because he failed to exhaust his administrative remedies with respect to this issue. See 42 U .S.C. § 1997e(a) (1994) (amended 1996)