**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 14 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WAYMOND EASTER,

      Plaintiff - Appellant,

v.

JAMES L. SAFFLE, Director,
Department of Corrections; JOANN G.
RYAN, Chief Medical Director;
H.N. "SONNY" SCOTT, Warden;
MARY BLACKWOOD, Medical
Director for Facility; MIKE
CARPENTER; ROBIN JONES;
CYNTHIA LEWIS; TONY NELSON;
JAMES WYATT,

      Defendants - Appellees.

No. 02-6044
D.C. No. CIV-00-1749-L
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

* The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Plaintiff Waymond Easter appeals from an order of the district court dismissing his complaint pursuant to 28 U.S.C. § 1915A.[1] After filing his notice of appeal, Easter filed a motion for a preliminary injunction in this court. Easter asks that we order the district court to direct defendants "to provide a medical means of receiving treatment without being sanction[ed] and punished for taking . . . prescribed medications" and to arrange that his medications be tested to determine their effect on any urinalyses and blood tests that might be performed. (Appellant's Mot. at 1.) We affirm the decision of the district court and deny the motion for a preliminary injunction.

Easter is an inmate in the Oklahoma prison system serving a life sentence. He tested positive for the presence of cannabinoid (THC) by means of a urinalysis. A second confirming urinalysis yielded the same result. Easter requested a blood test to confirm the urinalysis results because he maintained that his prescribed asthma medications had caused the positive results. Prison staff determined that his asthma medications could not cause a false positive result and

---

[1]    Section 1915A provides that, "as soon as practicable," the district court shall review a civil complaint filed by a prisoner and shall dismiss it if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." In addition to dismissing Easter's complaint, the court also determined that the complaint would count as one strike under the provisions of § 1915(g).

refused to conduct the blood test. Following a prison disciplinary proceeding, Easter was found guilty of possession of THC.

Easter then commenced this action pursuant to 42 U.S.C. § 1983. He alleged he was denied due process in the procedures employed in the disciplinary hearing and in the THC testing. He also alleged he was subjected to an Eighth Amendment violation because the prison medical unit was deliberately indifferent to his medical needs by forcing him to choose between taking his prescribed asthma medications and being unable to pass a THC urinalysis test or not taking the medications in order to pass the test.

The district court determined that Easter could not obtain relief for his claims of violations of prison regulations and state statutes, citing Jones v. City & County of Denver, 854 F.2d 1206, 1209 (10th Cir. 1988); that his claim for money damages based on his allegation that prison disciplinary procedures were constitutionally defective was barred by Heck v. Humphrey, 512 U.S. 477 (1994); that his claim that his property was improperly seized did not rise to the level of a constitutional deprivation and, further, that adequate state remedies existed under Oklahoma law. Lastly, the district court held that Easter had failed to state a viable Eighth Amendment claim. The court ordered that defendants give Easter a copy of the determination that his asthma medication could not have caused a false positive test for THC.

On appeal, Easter argues that the district court denied him the right to be heard, to present evidence, and to amend his complaint. He further contends the district court could not dismiss his action under § 1915A prior to service of process on defendants and submission of a report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). As to the merits of his complaint, Easter maintains his claims are not barred by Heck, defendants violated his due process rights in the disciplinary proceedings because he did not receive sufficient prior notice of the hearing to prepare his evidence, and defendants denied him due process by not following the manufacturer's specification that when a urinalysis is positive for THC, a blood test must be performed to confirm this. He also contends his Eighth Amendment rights were violated.

We have "not yet determined whether a dismissal pursuant to § 1915A on the ground that the complaint is legally frivolous is reviewed *de novo* or for abuse of discretion." Plunk v. Givens, 234 F.3d 1128, 1130 (10th Cir. 2000). As in Plunk, however, we "need not resolve that question at this juncture" based on our review of the entire record in this case, including the district court's order and the magistrate judge's thorough report and recommendation, "which reveals no hint of reversible error under either standard." Id.

Contrary to Easter's contentions, defendants were served with his complaint. The district court originally construed the complaint as alleging

-4-

claims properly brought under 28 U.S.C. § 2241 and ordered defendants to respond to the complaint accordingly. Easter objected to the § 2241 characterization and the district court accepted his contention that he was bringing a § 1983 action. Defendants did not submit a new response addressing Easter's complaint as a § 1983 action. However, because the district court dismissed the complaint as frivolous under § 1915A, there was no need for a response by defendants.

Easter also states he should have been granted permission to amend his complaint. His proposed amendment does not salvage this action. Even without the two claims he is willing to abandon, the strictures of § 1915A still apply. "[S]ua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts." Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir.), cert. denied, 122 S. Ct. 274 (2001). Further, a due process violation did not occur because Mr. Easter had "a reasonable post-judgment opportunity to present his arguments to the district court and the appellate court, including the opportunity to suggest amendments that would cure the complaint's deficiencies." Id.

Easter maintains his claims are not barred by Heck and defendant violated his due process rights in the disciplinary proceedings because he did not receive sufficient prior notice of the hearing. In Heck, the Supreme Court held that

before a § 1983 plaintiff can recover damages for an allegedly unconstitutional conviction, or for other harms caused by unlawful actions which would render a conviction or sentence invalid, the plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87. The Court applied the rationale of Heck to prison disciplinary proceedings in Edwards v. Balisok, 520 U.S. 641, 646-47 (1997).

Although Easter claims that he is not seeking revocation of the punishment imposed by the prison disciplinary board, were we to find that his claims had merit, the correctness of that punishment would necessarily be implicated. Therefore, Heck applies. See id. at 645 (even if prisoner limits "his request to damages for depriving him of good-time credits *without due process*, not for depriving him of good-time credits *undeservedly* as a substantive matter," his request still "necessarily . . . impl[ies] the invalidity of the judgment."). Therefore, as Easter's claims "necessarily imply the invalidity of the punishment imposed, [they are] not cognizable under § 1983." Id. at 648.

Easter next argues defendants did not follow the manufacturer's specification that when a urinalysis is positive for THC, a blood test must be performed to confirm its reliability. Due process requires that "some evidence"

support a prison disciplinary decision.  See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985) (stating that "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

A single urinalysis amounts to "some evidence" and thus satisfies due process.  See Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993) (due process does not require prison officials to provide second urinalysis by impartial laboratory).  Prison officials need not grant an inmate's request for an additional drug test to satisfy due process.  See Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992).  "Though the risk of false positives has not been entirely eliminated, we agree . . . that use of the test results may be relied upon as sufficient evidence to warrant prison discipline under the standards of Superintendent v. Hill, 472 U.S. 445, 454-55 (1985) . . . ."  Peranzo v. Coughlin, 850 F.2d 125, 126 (2d Cir. 1988); see also Koenig, 971 F.2d at 422 n.1 (noting that ADx tests for cannabinoids, when properly performed, are generally accurate).

Finally, Easter argues his Eighth Amendment rights have been violated because he must choose between taking his asthma medication and failing the urinalysis or not taking it and passing the drug tests.

> A prison official's failure to prevent harm violates the Eighth Amendment only when two requirements are met.  First, the prison official's act or omission must be objectively, sufficiently serious and result in the denial of the minimal civilized measure of life's

necessities. [T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. Second, the prison official must have a sufficiently culpable state of mind, in this case deliberate indifference to inmate health or safety. Deliberate indifference requires actual knowledge of the risk to inmate safety.

Curley, 246 F.3d at 1282 (quotations and citation omitted).

Easter has failed to make any showing that prison officials have been deliberately indifferent to his health. No Eighth Amendment violation occurred.

The judgment of the district court is **AFFIRMED**. Plaintiff's motion for a preliminary injunction is **DENIED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge