**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LEROY BUHL,

      Plaintiff - Appellant,

v.

ROBERT A. HOOD, Warden,

      Defendant - Appellee.

No. 02-1498
(D.C. No. 02-Z-1661)
(D. Colorado)

**ORDER AND JUDGMENT** *

Before **EBEL** , **PORFILIO** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Petitioner, a federal prisoner, brought this action under 28 U.S.C. § 2241,
alleging violations of his constitutional rights in connection with prison

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

disciplinary proceedings. During those proceedings, he was found guilty of assaulting another inmate, for which he received thirty days' disciplinary segregation and a disciplinary transfer. He did not forfeit any good time credits. The only relief he sought was expunction of the incident report from his record. He appears to have properly exhausted administrative remedies.

The district court initially allowed him to proceed pursuant to 28 U.S.C. § 1915 in a habeas corpus action, but then summarily construed the petition as a *Bivens* [*v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)] complaint. The court then dismissed the action as legally frivolous under 28 U.S.C. § 1915(e)(2)(B) and ordered petitioner to pay the $150 filing fee in monthly installments as provided in § 1915(b)(2).

On appeal, petitioner challenges both the recharacterization of his action from one sounding in habeas corpus to a *Bivens* action and the dismissal of his complaint and action as frivolous. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part.

We recognize that the line demarking actions appropriately brought under *Bivens* and those falling under § 2241 is not always crystal clear. In general, a § 2241 habeas proceeding is "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. United States Parole Comm'n*, 115 F.3d 809,

-2-

811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). A civil rights or *Bivens* action, on the other hand, attacks a prisoner's conditions of confinement and requests money damages for such conditions. *Id.* at 812. Thus, we have held that a § 2241 attack on the execution of a sentence may challenge the loss of good time credits and "other prison disciplinary matters." *Id.* at 811.

This is precisely the course of action petitioner was attempting to follow. Petitioner is not seeking money damages for the time spent in disciplinary segregation. If he were, he would first be required to establish the invalidity of the prison disciplinary conviction. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (claim of deprivation of due process in prison disciplinary proceedings that necessarily implies invalidity of punishment imposed not cognizable under § 1983). Instead, he sought to invalidate his disciplinary conviction in order to have it expunged from his record. He therefore correctly filed his action as a § 2241 habeas corpus petition. *See, e.g.*, *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (construing § 2254 habeas corpus action challenging prison disciplinary proceeding as action brought under § 2241); *Easter v. Saffle*, No. 02-6044, 2002 WL 31528687, at **2 (10th Cir. Nov. 14, 2002) (noting that where claims necessarily imply invalidity of punishment imposed by disciplinary proceeding, they cannot be brought under § 1983) (unpublished); *Caserta v.*

*Kaiser* , No. 00-6108, 2000 WL 1616248, at \*\*2 (10th Cir. Oct. 30, 2000) (noting that determination of "issues concerning prison disciplinary proceedings," are properly brought under § 2241) (unpublished); *Blum v. Fed. Bureau of Prisons* , No. 98-1055, 1999 WL 638232, at \*\*1 (10th Cir. Aug. 23, 1999) (recognizing federal prisoner's challenge to disciplinary proceeding brought under 28 U.S.C. § 2241) (unpublished); *Reed v. Smith* , No. 97-6341, 1999 WL 345492, at \*\*1-2 (10th Cir. June 1, 1999) (challenge to federal prison disciplinary proceeding not cognizable in *Bivens* action, but rather belongs under habeas corpus) (unpublished); *Brown v. Smith* , 828 F.2d 1493, 1494-95 (10th Cir. 1987) (construing civil rights complaint as also invoking § 2241 jurisdiction where prisoner challenged disciplinary proceedings). Here, the district court erred in construing this habeas petition as a *Bivens* complaint. Nonetheless, because petitioner's claims are clearly without merit, "it would be a waste of judicial resources to remand this case to the district court." *Montez v. McKinna* , 208 F.3d 862, 866 (10th Cir. 2000).

Petitioner claimed he was denied due process rights because he was not permitted to call an inmate witness to refute the alleged victim's allegations. He further contended that the victim's motivation for fabricating the charge was to secure a transfer to a less secure institution and that the disciplinary hearing officer denied his request for "discovery," only to then rely on the statement of

-4-

an inmate witness to the incident. R. Doc. 3 at 4(a). He further alleged the reporting officer was also the investigating officer in violation of 28 C.F.R. § 541.2. *Id.* at 4. Finally, he claimed he was denied due process by the failure of the Central Office to respond to his appeal.

The documents submitted with the petition reflect that petitioner was provided advance notice of the charge and was represented at the hearing by a staff representative. The hearing officer found that the evidence did not support the initial charge, but only a lesser one, and that the reporting officer and investigating officer were different people. *Id.* at A-7(b)-(c). At the regional appeal level, petitioner's claims were found to be without merit, and the hearing officer's decision was affirmed. Although it appears his appeal to the Central Office was not timely processed, this simply supports petitioner's exhaustion of administrative remedies, an argument respondent does not dispute.

The district court correctly held that petitioner had received all the due process to which he was entitled. It is clear that he received advance notice of the hearing and a written statement of the evidence relied on and the reasons for the discipline imposed, as required by *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Although he claims he was not allowed to call witnesses, the other *Wolff* requirement, the hearing officer's report indicates he did not request any witnesses. This determination was upheld on administrative appeal,

notwithstanding the alleged sworn statement (dated after the disciplinary hearing) of the supposed favorable witness. R. Doc. 3 at A-8.

Under *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995), when a prisoner's sanctions do not amount to "a major disruption in [petitioner's] environment" or "inevitably affect the duration of his sentence," he has not been deprived of a protected liberty interest and therefore not entitled to the *Wolff* due process protections. *See also Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir. 1996). Our review of the record in this case persuades us that petitioner received all the process he was due. Accordingly, we affirm the district court on the merits of petitioner's § 2241 habeas corpus petition.

The judgment of the district court is AFFIRMED. The district court's directive that petitioner make partial payments toward his filing fee is REVERSED, and that portion of the court's order is REMANDED, with instructions to vacate the order assessing docket fees to petitioner. We further GRANT petitioner's application to proceed in forma pauperis in this court and VACATE our order of January 3, 2003, directing partial payment of the appellate filing fee.

Entered for the Court

John C. Porfilio
Circuit Judge

-6-