**Steve Michael COX, Plaintiff–Appellant,**

v.

**Dan CLARK; et al., Defendants–Appellees.**

**No. 07–16812.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 8, 2009.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument and therefore denies Cox's request. *See* Fed. R.App. P. 34(a)(2).

674

Steve Michael Cox, Carson City, NV, pro se.

Heather D. Procter, Deputy Attorney General, AGNV–Office of the Nevada Attorney General, Carson City, NV, Paul J. Anderson, Esquire, Maupin Cox & Legoy, Reno, NV, for Defendants–Appellees.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Nevada state prisoner Steve Michael Cox appeals pro se from the district court's summary judgment and orders dismissing his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir.2005) (failure to state a claim); *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003) (failure to exhaust); *Rene v. MGM Grand Hotel, Inc.,* 305 F.3d 1061, 1064 (9th Cir.2002) (en banc) (summary judgment). We affirm in part, vacate in part, and remand.

■ The district court properly dismissed Cox's conspiracy allegations against defendants McDaniel, Endel, Neven, L. Williams, MacArthur, D'Amico, Smith and Jacques because Cox made only conclusory allegations. *See Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1161 (9th Cir.2003) (holding that conclusory allegations are insufficient to state a claim of conspiracy).

■ The district court properly dismissed Cox's allegations regarding his placement in an observation cell because the temporary placement of suicidal prisoners in "safety cells" does not violate the Eighth Amendment. *See Anderson v. County of Kern,* 45 F.3d 1310, 1313–15 (9th Cir.1995).

The district court properly dismissed for failure to state a claim Cox's allegations of deliberate indifference against defendants Sohr, MacArthur, and L. Williams. *See*

*Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (holding that mere differences of opinion between medical professionals, or between the physician and the prisoner, concerning the appropriate course of treatment does not amount to deliberate indifference); *Shapley v. Nev. Bd. of State Prison Comm'rs,* 766 F.2d 404, 408 (9th Cir.1985) (per curiam) (holding that charging prisoners fees for medical services does not violate the Eighth Amendment unless it prevents prisoners from receiving medical care).

■ The district court properly determined that Cox's allegations against defendant L. Williams regarding her failure to fulfill her promise to provide ambulatory aids and dietary supplements if Cox ended his hunger strike did not state a constitutional violation. *See Buckley v. City of Redding,* 66 F.3d 188, 190 (9th Cir.1995) ("Section 1983 provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (citation and internal quotations omitted).

■ The district court properly determined that Cox failed to state a due process claim against defendants L. Williams and Drain because Cox did not allege that he was unable to attend the disciplinary hearing or put on a defense. *See Wolff v. McDonnell,* 418 U.S. 539, 563–70, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (holding that due process requires certain minimum procedural requirements in disciplinary proceedings).

The district court properly dismissed Cox's excessive force claim against defendants Gregerson, Clark, Tingle, Davis Gregerson, and McConaha for failure to ex-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

haust. *See* 42 U.S.C. § 1997e(a) (requiring exhaustion).

■ The district court properly granted summary judgment on the claims against defendants Drahos, Hill, Curry, and Falge because Cox failed to raise a triable issue that they did not have a legitimate security interest in refusing to escort him to his hearing based on his refusal to position himself for leg restraints. *See Koenig v. Vannelli,* 971 F.2d 422, 423 (9th Cir.1992) (per curiam) ("When prison officials limit an inmate's efforts to defend himself, they must have a legitimate penological reason.").

■ The district court properly granted summary judgment on the claims against defendants MacArthur and L. Williams because Cox failed to raise a triable issue as to whether their treatment of his hemorrhoids and rectal bleeding constituted deliberate indifference. *See Jackson,* 90 F.3d at 332.

■ The district court properly granted summary judgment on the deliberate indifference claims against defendants D. Williams, Tingle, Davis Gregerson, Gregerson, McConaha, and Clark because Cox failed to raise a triable issue as to whether defendants failed to provide him with reasonable medical attention in response to his suicide attempt and as to whether any delay in their response caused him further injury. *See Hallett v. Morgan,* 296 F.3d 732, 746 (9th Cir.2002) (holding that where the prisoner is alleging that delay of medical treatment evinces deliberate indifference the prisoner must show that the delay led to further injury).

■ Finally, Cox alleged that defendants Girard, Kalisz, Jones, and Falge failed to provide him advance written notice of charges before a disciplinary hearing. The district court properly dismissed the claim against Girard because Cox did not allege that Girard did anything to prevent Cox from receiving notice. *See Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). The district court properly granted summary judgment on this claim against Kalisz because Cox failed to raise a triable issue that Kalisz, who wrote the charges, could have served the notice. *See id.* The district court properly dismissed Cox's due process claim against Jones and Falge because, to the extent Cox sought restoration of good-time credits and reversal of the disciplinary decision, the claims were barred under *Edwards v. Balisok,* 520 U.S. 641, 646–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). However, Cox's claim for damages based on the failure to provide advance notice of the claimed disciplinary violation is not barred by *Edwards,* because a decision in Cox's favor would not necessarily imply the invalidity of the deprivation of the good-time credits. *See Wolff,* 418 U.S. at 554–55, 563–65, 94 S.Ct. 2963 (holding that a prisoner has a right to seek damages under § 1983 for the denial of procedural due process rights during prison disciplinary hearings, including the right to receive advanced notice of charges); *see also Wilkinson v. Dotson,* 544 U.S. 74, 81, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) ("*Wolff* makes clear that § 1983 remains available to procedural challenges where success in the action *would not necessarily* spell immediate or speedier relief for the prisoner."); *Heck v. Humphrey,* 512 U.S. 477, 482–83, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (distinguishing *Wolff* as recognizing a § 1983 claim for "using the wrong procedures, not for reaching the wrong result (*i.e.,* denying good-time credits)," where claim, if successful, would not necessarily imply the

invalidity of the prisoner's conviction or sentence); *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir.2003) (holding that "the favorable termination rule does not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement"). Accordingly, we vacate the judgment with respect to Cox's due process claim challenging his failure to receive notice of the disciplinary violation and remand for further proceedings.

Cox's remaining contentions are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.