**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES JEFFERSON KENNER, | No. 13-15481 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00784-RCJ-VPC |
| v. | |
| RUBEN VIDAURRI, C.O.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief Judge, Presiding

Submitted April 7, 2014[**]

Before:    TASHIMA, GRABER, and IKUTA, Circuit Judges.

Nevada state prisoner James Jefferson Kenner appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging due

process violations. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1043 (9th Cir. 2002), and may affirm

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Kenner's due process claim concerning his placement in administrative segregation pending disciplinary charges because Kenner failed to raise a genuine dispute of material fact as to whether his placement gave rise to a protected liberty interest warranting due process protections. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (administrative segregation by itself does not implicate a protected liberty interest because it does not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life); *see also Cousins v. Lockyer*, 568 F.3d 1063, 1070-71 (9th Cir. 2009) (failure to comply with prison regulations does not amount to a constitutional violation).

Summary judgment on Kenner's due process claim concerning his confinement to disciplinary segregation and loss of good time credits was proper because, even assuming Kenner raised a triable dispute as to whether these restraints gave rise to a protected liberty interest, he received all the process that he was due. *See Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974) (setting forth due process requirements before imposing sanctions implicating a prisoner's liberty interest); *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (prison officials

13-15481

may limit an inmate's efforts to defend himself if they have a legitimate penological reason).

We do not consider issues regarding the dismissal of Kenner's conspiracy and Eighth Amendment claims because they are not supported by argument. *See Am. Int'l Enters., Inc. v. FDIC*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993).

Kenner's contentions regarding defendants' alleged failure to give him *Miranda* warnings and their alleged decision to place him in the equivalent of solitary confinement are unpersuasive.

**AFFIRMED.**