**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KELLY KOERNER,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>JAMES GREG COX; et al.,<br><br>　　　　　Defendants - Appellees. | No. 14-15159<br><br>D.C. No. 3:11-cv-00116-LRH-VPC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 9, 2014**

Before:　　WALLACE, LEAVY, and BYBEE, Circuit Judges.

　　Kelly Koerner, a Nevada state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging due process

violations in connection with prison disciplinary proceedings.　We have

---

　　*　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　**　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).　Accordingly, Koerner's motion for telephonic appearance at oral argument, filed September 17, 2014 is denied.

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for Clark regarding Koerner's due process claim in connection with his disciplinary proceedings and disciplinary segregation term because, even assuming a protected liberty interest, Koerner failed to raise a genuine dispute of material fact as to whether Clark violated his due process rights. *See Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974) (setting forth due process requirements before imposing sanctions implicating a prisoner's liberty interest); *Cousins v. Lockyer*, 568 F.3d 1063, 1070-71 (9th Cir. 2009) (failure to comply with prison regulations does not amount to a constitutional violation); *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (prison officials may limit an inmate's efforts to defend himself if they have a legitimate penological reason).

The district court properly granted summary judgment for Cox and Del Porto because Koerner failed to raise a genuine dispute of material fact as to whether these defendants were the cause of any constitutional violations. *See Bd. of Regents v. Roth*, 408 U.S. 564, 569-70 (1972) (procedural protections of due process clause are triggered only when there is a cognizable liberty or property interest at stake); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976) (inmates have no

14-15159

general protected liberty interest in being incarcerated at a particular prison);

*Chappell v. Mandeville*, 706 F.3d 1052, 1064 (9th Cir. 2013) ("[T]o find a violation of a state-created liberty interest the hardship imposed on the prisoner must be atypical and significant . . . in relation to the ordinary incidents of prison life." (citations and internal quotation marks omitted)); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (explaining causal requirement under § 1983).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We reject Koerner's contentions concerning the mediation program, the allegations of improper conduct by the Magistrate Judge, and the allegedly pending motions.

Koerner's "Motion for Production of Video and Audio Recording of April 24, 2012, Settlement Conference," and "Motion for Production of Ombudsman Contract," both filed August 11, 2014, are denied.

**AFFIRMED.**