**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



APR 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENNIS PERRYMAN,<br><br>             Plaintiff - Appellant,<br><br>    v.<br><br>JAMES DEACON; et al.,<br><br>             Defendants - Appellees. | No. 14-35224<br><br>D.C. No. 2:12-cv-01234-AC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted April 7, 2015[**]

Before:    FISHER, TALLMAN, and NGUYEN, Circuit Judges.

Dennis Perryman, an Oregon state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging due process

violations in connection with prison disciplinary proceedings. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Nev. Dep't of Corr. v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment on Perryman's due process claim in connection with his disciplinary proceedings because, even assuming a protected liberty interest, Perryman failed to raise a genuine dispute of material fact as to whether defendants violated his due process rights. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974) (setting forth due process requirements before imposing sanctions implicating a prisoner's liberty interest); *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (prison officials may limit an inmate's efforts to defend himself if they have a legitimate penological reason).

**AFFIRMED.**

14-35224