NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSE GREENBERG, | No. 15-15764 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00058-RCJ-VPC |
| v. | |
| LISA WALSH, Asst. Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted February 14, 2017**

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Nevada state prisoner Jesse Greenberg appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging due process

violations in connection with prison disciplinary proceedings and his confinement

in disciplinary segregation.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment on Greenberg's due process claim regarding his time in disciplinary segregation because Greenberg failed to raise a genuine dispute of material fact as to whether his segregation implicated a protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (a constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

The district court property granted summary judgment on Greenberg's due process claim concerning his disciplinary proceedings because, even assuming a protected liberty interest, Greenberg failed to raise a genuine dispute of material fact as to whether defendants violated his due process rights.  *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974) (setting forth due process requirements for prison disciplinary proceedings); *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (prison officials may limit an inmate's efforts to defend himself if they have a legitimate penological reason).

15-15764

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**