**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIN ACKERMAN,

Plaintiff-Appellee,

v.

GITTERE, et al.,

Defendants-Appellants.

No.   23-2193

D.C. No.
3:20-cv-00337-MMD-CSD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of California
Miranda M. Du, District Judge, Presiding

Submitted June 5, 2025[**]

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Defendants-Appellants, various Nevada Department of Corrections

employees, appeal from the district court's denial of their motion for summary

judgment on Defendants' qualified immunity defense and on Plaintiff Appellee

Ackerman's due process and equal protection claims insofar as they preclude

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Defendants' qualified immunity defense.

We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's decision on motion for summary judgment. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). "Generally, an order denying summary judgment is not appealable under 28 U.S.C. § 1291 as the parties must wait for final judgment to appeal." *Melnik v. Dzurenda*, 14 F.4th 981, 984 (9th Cir. 2021), citing *Johnson v. Jones*, 515 U.S. 304, 309 (1995). "However, denials of qualified immunity are appealable immediately under the collateral order doctrine." *Id.* at 985, citing *Plumhoff v. Rickard*, 572 U.S. 765, 772 (2014). This is because qualified immunity protects government employees from both liability and having to stand trial. If the appeal of the denial of qualified immunity is not permitted until the final judgment, "the immunity from standing trial will have been irretrievably lost." *Plumhoff*, 572 U.S. at 772.

We affirm.

As the parties are familiar with the factual and procedural history of this case, we need not recount it here.

1. *Qualified Immunity Defenses.* We agree with the district court that Defendants are not entitled to qualified immunity because, taken in the light most favorable to Ackerman, Defendants violated his constitutional rights. *See Gordon v. Cnty. of Orange*, 6 F.4th 961, 967–68 (9th Cir. 2021), citing *Saucier v. Katz*, 533

U.S. 194, 200–01 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009); *Wolff v. McDonnell*, 418 U.S. 539, 563–70 (1974); *Hewitt v. Helms*, 459 U.S. 460, 477 n.9 (1983), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). Moreover, those rights were clearly established at the time of the alleged events. *See Wolff*, 418 U.S. at 563–70; *Hewitt*, 459 U.S. at 477 n.9. As such, the district court appropriately denied Defendants' motion for summary judgment on their qualified immunity defense.

2. *Due Process Claims*. Next, the district court was correct to find that there are genuine issues of material fact as to whether Defendant Moskoff properly served Ackerman with an amended Notice of Charges or held a preliminary hearing. The prison maintains forms that require the date of service and both Moskoff and Ackerman's signatures to prove service and that a hearing was held. Here, neither form is completed or signed by either party despite Defendants' assertions that Ackerman received due process. *See Wolff*, 418 U.S. at 563–70 (requiring in part that prison officials provide an inmate facing disciplinary charges with a written statement at least 24 hours before the disciplinary hearing that includes the charges at issue, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken); *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) ("When prison officials limit an inmate's efforts to defend himself, they must have a legitimate penological reason.") (citation omitted). Second, the district

3

court properly found that there were factual disputes precluding summary judgment as to whether Ackerman waived his right to 24-hour notice of his amended disciplinary charge. Indeed, Defendant Homan informed Ackerman that he was amending Ackerman's charge and postponed the hearing for 24 hours. Later, Ackerman discussed some aspects of the charge with Homan, which Homan interpreted as a waiver of the 24-hour period and proceeded to hold the hearing. Near the end of the hearing, however, Ackerman voiced confusion as to whether he would have 24 hours to prepare. As such, it is unclear whether Ackerman waived his due process right to time to prepare his defense. *See Wolff*, 418 U.S. at 563–70. Finally, the district court correctly found that Defendants Reubart and Gittere did not present evidence to show that they provided Ackerman with periodic review of his confinement in administrative segregation as required by due process. *See Hewitt*, 459 U.S. at 477 n.9 ("Prison officials must engage in some sort of periodic review of the confinement of such inmates [to satisfy due process]."). Consequently, the district court properly denied Defendants' motion for summary judgment on Ackerman's due process claims.

3. *Equal Protection Claims.* Lastly, we also agree with the district court that there are factual issues as to whether Defendants' continued segregation of Asian Pacific-Islander inmates and African American inmates was narrowly tailored to further the compelling government of prison security. *See Harrington v. Scriber*,

4

785 F.3d 1299, 1305 (9th Cir. 2015), citing *Johnson v. California*, 543 U.S. 499, 515 (2005).  Indeed, it is unclear how long the segregation lasted and whether the hostilities justifying such segregation were ongoing.  Accordingly, the district court correctly denied Defendants' motion for summary judgment on Ackerman's equal protection claims.

**AFFIRMED.**